IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

NICOLE DANILLE RODDEN,

    Plaintiff,

v.

KILOLO KIJAKAZI
Acting Commissioner of Social Security,

    Defendant.

No. 20-03383-S-NKL-SSA

**ORDER**

    Plaintiff Nicole Rodden seeks review of the denial by the Acting Commissioner of her application for Disability Insurance Benefits and Supplemental Security Income. For the reasons set forth below, the Court affirms the administrative decision.

I.   **BACKGROUND**

    Rodden alleges disability due to anxiety, polycystic ovarian syndrome, PTSD, depression, diabetic neuropathy, obstructive lung disease, and lower back pain beginning February 1, 2016, when she was 24 years old. Tr. 226-227. Rodden reported that she had last worked in customer service at a bank from September 2015 until February 2016. Tr. 255. Previously, she was a cashier from January 2009 until January 2010, and a retail clerk from January 2011 until January 2012. *Id.* She reported no work between February 2012 and August 2015. *Id.* Through 2016, her yearly earnings were between zero and $6,637.40. Tr. 217.

    Rodden protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on October 23, 2017. Tr. 235. During the relevant period, Rodden happened to experience significant stressors, including a pregnancy that required bed-rest, behavioral challenges from a son, and alleged threats of violence from her husband. Nonetheless, despite

1

symptoms of anxiety and post-traumatic stress disorder ("PTSD"), Plaintiff obtained the care she needed for herself and her children. During the relevant period, treatment for her mental impairments comprised only medication and therapy, and she showed some improvement. *See, e.g.*, Tr. 569, 620.

Chuck Hollister, Ph.D., assessed Rodden at the agency's request on September 6, 2018. Tr. 342. Rodden arrived on time for the clinical interview and was polite and courteous. *Id.* She reported problems with depression and mood swings. *Id.* However, she produced an "invalid profile" on the Minnesota Multiphasic Personality Inventory ("MMPI"). Tr. 346. Dr. Hollister noted that "[t]here was some evidence of over reporting, which may not [have] be[en] intentional," but "[n]evertheless, her level of reporting [wa]s very unusual even in individuals with genuine psychopathology that report credible symptoms." *Id.* Thus, "[a]lthough the profile suggest[ed] significant distress," Dr. Hollister concluded that the scores were "not interpretable." *Id.* Dr. Hollister recommended that Rodden continue with both counseling and medication management. Tr. 347.

Rodden's application was denied initially on February 28, 2018. Tr. 109-10. Rodden requested, and subsequently appeared and testified at, a hearing, which was held on November 20, 2019. Tr. 64-96.

The Administrative Law Judge ("ALJ") issued a decision on May 7, 2020. Tr. 19-32. The ALJ found that Rodden had the severe impairments of diabetes mellitus, COPD, neuropathy, obesity, generalized anxiety disorder, agoraphobia, and PTSD. Tr. 22. The ALJ nonetheless concluded that those impairments did not meet or equal a listed impairment, and Rodden could perform a range of light work with postural limitations and mental limitations that included simple tasks and only occasional interaction with colleagues, the general public, and supervisors, and

2

therefore could perform jobs available in significant numbers in the national economy. Tr. 22-24, 31.

Rodden's Request for Review of the Hearing Decision/Order was denied on October 6, 2020. Tr. 4-6.

## II. <u>STANDARD</u>

The Court must affirm the Commissioner's denial of social security benefits so long as "there was no legal error" and "the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016). "Substantial evidence is less than a preponderance, but is enough so that a reasonable mind would find it adequate to support the ALJ's conclusion." *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). The Court must consider both "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id*. (quotation marks and citation omitted). However, "as long as substantial evidence in the record supports the Commissioner's decision, [the Court] may not reverse it because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (quotation marks and citation omitted).

The Court must "defer heavily to the findings and conclusions of the Social Security Administration." *Michel v. Colvin*, 640 F. App'x 585, 592 (8th Cir. 2016) (quotation marks and citations omitted).

## III. <u>DISCUSSION</u>

Rodden's appeal is premised on the argument that the ALJ erred in failing to include certain limitations from the opinion of Erin Maclin, Psy.D., in the residual functional capacity ("RFC"). Specifically, Rodden argues that the ALJ failed to account for, or explain the omission of, Dr.

Maclin's opinions regarding Rodden's "limitations in social interaction as well as carrying out job tasks" and her "limited ability to adapt to her environment and struggle[s] to effectively cope with her mental health symptoms and maintain self-care." Doc. 12, p. 7. Rodden argues that, where an RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted, citing SSR 96-8p, 1996 WL 374184 at *7 (Soc. Sec. Admin. July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Defendant contends that the ALJ rejected only that portion of Dr. Maclin's opinion that was unsupported by the psychologist's own findings and the record more broadly.

> Dr. Maclin opined as follows with regard to Rodden's capabilities:
>
> There appears to be moderate to marked impairment in Ms. Rodden's current functional capacity related to chronic mental health symptoms including childhood trauma. She struggles to effectively cope with mental health symptoms and maintain self-care, obtain and hold gainful employment, manage daily living and stable housing independently, and engage in healthy interpersonal relationships. Ms. Rodden has fair social skills and limited ability to interact with others routinely and adapt to her environment due to lack of trust and social desires. Ms. Rodden has mild to moderate ability for sustained concentration and persistence in simple and repetitive tasks. Overtime [*sic*], changes in mood may increase distractibility and forgetfulness. Ms. Rodden appears mildly capable of retaining information and effectively carrying out instructions that are multi-step and moderate but likely requires consistent support and reminders. Ms. Rodden has fait [*sic*] to poor ability to reason and make work related decisions at this time. When symptoms increase and stress is present, it is likely her functioning will decline. Ms. Rodden appears capable of managing oneself and has the basic math skills to manage her own funds.

Tr. 634.

The ALJ noted that Plaintiff's mental status evaluation with Dr. Maclin was "largely normal," and concluded that Dr. Maclin's opinion of marked limitations in the areas of mental function was not supported. Tr. 29.

In light of Dr. Maclin's description of Rodden's appearance and behavior, the Court sees no error in the ALJ's conclusion. Dr. Maclin noted as follows:

4

> Ms. Rodden's general appearance was adequate hygiene and casual dress . . . . She was alert and oriented to person, place, and situation being "disability." Her attitude toward the evaluator and evaluation was cooperative, but slightly irritable. . . . Her speech was coherent and her thought process was generally goal oriented. . . . Concentration was fair and attention was good. Her behavior and motor activity consisted of mild fidgeting. Her fine and gross motor skills appeared to be intact and her gait was steady. She maintained good eye contact during the evaluation. She denied any current suicidal or homicidal ideations and denied hallucinations and delusions. . . . Ms. Rodden was able to recall three unrelated words . . . immediately and was able to recall two out of three of those same words after a brief delay, indicating fair recent memory. She was unable to accurately do serial sevens starting at 100 but was able to accurately do serial threes starting at 21. She was able to spell the word WORLD forward and backward. Ms. Rodden correctly recalled a series of three numbers . . . forward then backward. . . . [She displayed] good logical reasoning. Her quality of thinking was intact and her current judgment was fair. . . . Her fund of knowledge and estimated level of intellectual functioning is in the average to low average range. She displayed good effort and persistence during the evaluation.

Tr. 632. Certainly, Rodden described herself as "depressed and anxious," and Dr. Maclin noted that "[s]he appeared anxious" and her insight appeared lacking. *Id.* But even considering such findings, the ALJ's description of Dr. Maclin's evaluation as "largely normal" cannot be said to have been inaccurate. Indeed, even as Dr. Maclin opined that Rodden had "limited ability" to adapt to her environment, she also opined that Rodden "appears capable of managing [her]self." Tr. 634. Given the largely normal observations regarding Rodden's mental status and behavior, the ALJ's decision to discount Dr. Maclin's opinion of marked limitations in the areas of mental function was supported. *See McClellan v. Kijakazi*, No. 5:20-CV-6083-DGK, 2021 WL 4198390, at *2 (W.D. Mo. Sept. 15, 2021) ("[A]n ALJ is not required to explain why she did not adopt each limitation in a medical opinion that she finds generally persuasive. Here, the ALJ fulfilled her requirement by finding Dr. Bleier's medical opinion generally persuasive based upon its supportability and general consistency with the record." (citing 20 C.F.R. § 404.1520c(b)(1))); *see also* 20 C.F.R. § 404.1520c(c)(1) ("Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her

5

medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").

Other evidence in the record also supports the ALJ's conclusion. Although Rodden was diagnosed with serious mental impairments, her symptoms were treated with only medication and psychotherapy. For example, she told a medical provider that BuSpar treated her anxiety and that she felt better after changes in her medication. Tr. 376; *see also* Tr. 569 ("Pt reported that she is feeling a lot better with the change in her medication."). She made progress in psychotherapy. Tr. 620. *See Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014) ("Impairments that are controllable or amenable to treatment do not support a finding of total disability." (quotation marks and citation omitted)).

Finally, the RFC accounted for the limitations that the ALJ found were supported in Dr. Maclin's notes and the record generally. The RFC included the following limitations:

> The individual can understand, remember, and execute simple, routine, repetitive instructions consistent with unskilled work, and can maintain concentration, persistence, and pace in so doing. The individual may occasionally interact with supervisors, but cannot tolerate close "over-the-shoulder" supervision. The individual may occasionally interact with colleagues if meetings are brief and task oriented, and may occasionally interact with the public in non-transactional roles (i.e., roles that do not involve sales, negotiation, customer service, dispute resolution, and the like).

Tr. 24. These limitations—including to simple, routine, repetitive tasks, without "over-the-shoulder" supervision, only brief, task-oriented meetings, and non-transactional roles—accounted for Rodden's challenges in adapting and interacting with others and her mood swings.

In short, the ALJ's treatment of Dr. Maclin's opinion and formulation of the RFC was supported by substantial evidence in the record.

## IV. CONCLUSION

For the reasons discussed above, the administrative decision is AFFIRMED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 18, 2022  
Jefferson City, Missouri